J-S58010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM C. RESCH | : | |
| | : | |
| Appellant | : | No. 192 WDA 2019 |

Appeal from the PCRA Order Entered January 15, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017058-2010

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.: **FILED DECEMBER 20, 2019**

William C. Resch appeals from the denial of his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA). Specifically he claims that the PCRA court erred when it deemed his claim untimely, and argues that the registration requirements set forth in Subsection I of SORNA II are unconstitutional.[1] Upon review, we conclude that Appellant has not proven that any of the exceptions to the PCRA time-bar apply. Accordingly, we affirm.

Between January 1999 and October 2010, Appellant sexually abused his biological daughter. On January 30, 2012, Appellant pleaded *nolo contendere* to charges of involuntary deviate sexual intercourse and incest. In accordance

---

[1] Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29).

with the plea agreement, he was sentenced to not less than nine nor more than eighteen years of incarceration, and subjected to lifetime registration as a sex offender. Appellant did not file a direct appeal.

Appellant's first two PCRA petitions were unsuccessful. He filed the instant third PCRA petition on June 11, 2018. The PCRA court conducted a hearing on the petition on September 12, 2018. It denied the petition on January 15, 2019. This timely appeal followed.

Appellant raises one issue on appeal.

> I. Is [Appellant] not subject to the registration requirements and restrictions under the Pennsylvania Sexual Offender Registration and Notification Act ("SORNA"), or pursuant to H.B. 631/Act 2018-10 act 10 of 2018, insofar as the Acts are punitive, unlawful and unconstitutional pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017)?

Appellant's Brief, at 4.

We review an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).

Before we can reach the merits of Appellant's claim, we must first consider whether his PCRA petition is timely. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). Our law is clear that the PCRA's time restrictions are jurisdictional in nature, and "if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the

substantive claims." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3).
>
> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

Appellant's sentence was imposed on January 30, 2012, and he did not file a direct appeal. Consequently, his judgment of sentence became final on February 29, 2012. He had until February 28, 2013 to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (indicating that absent exception, PCRA petitions must be filed within one year of date judgment becomes final). Accordingly, the instant petition, filed June 11, 2018, is facially untimely and the PCRA court lacked jurisdiction to review Appellant's claim unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to the time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007).

Here, Appellant attempts to assert the third exception to the time-bar. Specifically, he claims that his lifetime registration requirements under SORNA are unconstitutional pursuant to our Supreme Court's decision in *Muniz*. However, because our Supreme Court has not held that *Muniz* applies retroactively, Appellant has not satisfied the requirements of the third exception to the time-bar. *See Commonwealth v. Murphy*, 180 A.3d 402, 406-07 (Pa. Super. 2018).

On appeal, Appellant also attempts to assert the second exception, for newly discovered facts. However, because that theory was not pled in his petition, it may not be raised for the first time on appeal. *See Burton*, 936 A.2d at 525. Further, subsequent case law does not qualify as a fact under section 9545(b)(1)(ii) of the PCRA. *See Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011).

Appellant also argues that he is eligible for relief if his petition is treated as a writ of *habeas corpus*. The PCRA subsumes the writ of *habeas corpus* to the extent that the PCRA offers a remedy. **See Commonwealth v. Fahy**, 737 A.2d 214, 224 (Pa. 1999). Here, Appellant's claim that he is serving an illegal sentence pursuant to **Muniz** is cognizable under the PCRA. **See Commonwealth v. Rivera-Figueroa**, 174 A.3d 674 (Pa. Super. 2017). Therefore, the writ of *habeas corpus* is not available for this claim.

Finally, Appellant argues that his petition is timely as his judgment of sentence was modified when the legislature enacted Acts 10 and 29 of 2018 ("SORNA II").[2] He contends that his petition, filed less than a year later, is therefore timely.

Even on its own terms, this argument fails. If SORNA II constitutes a modification of his sentence, Appellant had the opportunity file a *direct* appeal from the modification, where he could have argued his claim that the application of the reporting requirements under SORNA II to him was an *ex post facto* violation. Therefore, this claim is waived under the PCRA. **See** 42 Pa.C.S.A. § 9544(b).

Appellant filed his petition more than a year after his judgment of sentence became final and has failed to plead and prove an exception to the

---

[2] **See** 42 Pa.C.S.A. § 9799.58; Act 2018, Feb.21, P.L. 27, No. 10, § 19, immediately effective ("Act 10"); reenacted 2018, June 12, P.L. 140, No. 29, § 18, immediately effective ("Act 29").

PCRA's time-bar. Nor is his claim cognizable under the writ of *habeas corpus*.

Accordingly, we find that the PCRA court properly dismissed his PCRA petition

as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2019